UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW BENJAMIN MAJOR,<br><br>    Petitioner,<br><br>    v.<br><br>WARDEN R. FISHER,<br><br>    Respondent. | Case No.: 1:21-cv-00443-SKO (HC)<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATION TO DISMISS PETITION<br><br>[TWENTY-ONE DAY OBJECTION DEADLINE] |

Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner filed the instant petition on March 17, 2021. A preliminary screening of the petition reveals that the petition fails to present any cognizable grounds for relief and is completely unexhausted. Further, given the deficiencies identified in the petition, the Court finds that a viable claim for relief could not be raised if Petitioner were granted an opportunity to amend. Therefore, the Court will recommend the petition be SUMMARILY DISMISSED.

I. **DISCUSSION**

    A. Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in

1

the district court . . . ." Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990). The Advisory Committee Notes to Rule 8 indicate that the Court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.

B.  Conditions of Confinement

A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (quoting Preiser v. Rodriguez, 411 U.S. 475, 485 (1973)). In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of confinement. McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991); Preiser, 411 U.S. at 499. Recently, the Ninth Circuit adopted a rule that a "state prisoner's claim [that] does not lie at 'the core of habeas corpus' . . . must be brought, 'if at all,' under § 1983." Nettles v. Grounds, 830 F.3d 922, 934 (9th Cir. 2016) (en banc) (quoting Preiser, 411 U.S. at 487; Skinner v. Switzer, 562 U.S. 521, 535 n.13 (2011)). Therefore, if "success on [Petitioner]'s claims would not necessarily lead to his immediate or earlier release from confinement, [Petitioner]'s claim does not fall within 'the core of habeas corpus,' and he must instead bring his claim under § 1983." Nettles, 830 F.3d at 935 (quoting Skinner, 562 U.S. at 535 n.13).

Much of the petition does not make sense. Petitioner notes a conviction for making a criminal threat in Santa Clara County, but the petition does not appear to challenge the conviction. In Ground One, Petitioner contends his bail for a previous probation hold was increased in violation of the Eighth Amendment. Petitioner is no longer in custody to challenge the probation hold. The Supreme Court has made clear that, for federal jurisdiction to exist over a Section 2254 petition, the petitioner must be "in custody" "under the conviction or sentence under attack at the time his petition is filed." Maleng v. Cook, 490 U.S. 488, 490-91 (1989) (per curiam). Moreover, success on the claim would not warrant release from custody or a shortening of his sentence.

The remaining claims and attachments are largely nonsensical or present claims concerning the conditions of confinement. Ground Two states as follows:

> Violation of my 9 and 10 Amendments because there is no safeguard to protect me from a witch hunt. According to the 9-10 Amendments of the Bill of Rights. Because of my eminent domain and renown status I'm supposed to be provided with a safe guard or

>expert advocate to protect me from animus person arbitrating my life and freedom by violating the Taft Hartley Act 1947. The buy [sic] partisan collective are engaged in acts of convoluted schemes that suggest an elaborate plan to make me a nonperson, even by using my own lawyers.

(Doc. 1 at 6.)

In Ground Three, Petitioner claims a violation of the Fifth Amendment because his probation interview was conducted while Petitioner was in waist chains and shackles. (Doc. 1 at 7.)

In Ground Four, Petitioner contends his First Amendment freedoms to petition and to worship his religion were violated because of an inadequate law library and lack of assistance for a person with disabilities. (Doc. 1 at 9.)

None of the claims challenge the legality or duration of confinement; thus, none of the claims lie at the "core of habeas corpus." Nettles, 830 F.3d at 934. They must be brought, if at all, in a civil rights complaint. Even if Petitioner could raise a viable claim, the conviction is from Santa Clara County. Therefore, venue would be proper in the Northern District.

C.  Exhaustion

It appears that Petitioner has not exhausted any of his claims. A petitioner in state custody who is proceeding with a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971).

Petitioner indicates that he has not sought further review of his claims in any higher state court. Since Petitioner has not sought relief in the California Supreme Court, the Court cannot proceed to the merits of any claims. 28 U.S.C. § 2254(b)(1).

**III.   ORDER**

IT IS HEREBY ORDERED that the Clerk of Court is DIRECTED to assign a district judge to this case.

**IV.     RECOMMENDATION**

Based on the foregoing, the Court HEREBY RECOMMENDS that the habeas corpus petition be DISMISSED and the Clerk of Court be DIRECTED to provide Petitioner with a blank civil rights complaint form.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty-one (21) days after being served with a copy, Petitioner may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **March 22, 2021**                              /s/ *Sheila K. Oberto*
                                                        UNITED STATES MAGISTRATE JUDGE